Robert B. Golden (Admitted Pro Hac Vice)
Email: RGolden@LSLLP.com
LACKENBACH SIEGEL LLP
One Chase Road
Lackenbach Siegel Bldg., Penthouse Fl.
Scarsdale, NY 10583
Telephone: 914-723-4300
Facsimile: 914-723-4301

Jaye G. Heybl, Calif. State Bar # 167119
Email: jheybl@koppelpatent.com
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road, Suite 215
Westlake Village, CA 91361
Tel: 805-373-0060
Fax: 805-373-0051

Craig M. Stainbrook, Calif. State Bar #160876
E-mail: craig@stainbrookllp.com
STAINBROOK & STAINBROOK, LLP
412 Aviation Boulevard, Suite H
Santa Rosa, California 95403
707.578.9333 phone
707.578.3133 fax

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES

| | |
|---|---|
| $CH_2O$, Inc.<br><br>Plaintiff,<br><br>v.<br><br>MERAS ENGINEERING, INC.; HOUWELING'S NURSERIES OXNARD, INC; HNL HOLDINGS LTD.; HOUWELING UTAH OPERATIONS, INC.; AND HOUWELING'S NURSERIES LTD.,<br><br>Defendants. | **CASE NO. CV 13-08418-JAK-GJSx**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE IMPROPER EXPERT TESTIMONY**<br><br>JUDGE JOHN A. KRONSTADT<br>Trail Date: May 31, 2016 |

Defendants hereby oppose Plaintiff's motion *in limine* No. 8, to exclude allegedly improper expert testimony. Plaintiff's motion seeks to exclude two broad categories of testimony: expert testimony not disclosed in the experts' reports; and testimony premised on an allegedly wrong standard.

## 1. Expert Testimony Not Disclosed in the Experts' Report

With respect to this issue, Plaintiff apparently seeks only to have the relevant provisions of Rule 26 enforced. In this regard, Defendants have no objection, provided, of course, the rule is applied even-handedly for all expert witnesses. By way of example, Plaintiff cites to the report of Dr. Siegel (Defendants' damages expert) and notes that it provided no opinion as to lost profits. In this regard, Defendants have no intention of eliciting testimony from Dr. Siegel with respect to lost profits, unless Plaintiff "opens the door" to such testimony by asking him questions on the subject.

For the same reasons, and as set out with particularity in Defendants' motion for summary judgment and in their motions in limine, Plaintiff's technical expert (Dr. Hermanowicz) must be prohibited from testifying or offering an opinion that the averages and combinations of data points underlying Plaintiff's In-House Testing accurately simulated the actual conditions at Houweling's. As Defendants detailed in the summary judgment briefing and oral argument, the only testimony on this point was the impermissible lay opinion of Plaintiff's President, Anthony McNamara. Dr. Hermanowicz's report was silent on the issue. Under Plaintiff's

logic and application of Rule 26, any attempt by Dr. Hermanowicz to sanitize, after the fact, Mr. McNamara's choices, will be impermissible.

### 2. **Testimony Premised on an Allegedly Wrong Standard.**

With respect to this argument, Plaintiff is attempting to require Defendants' technical expert, Dr. Bubnis, to be conversant in the intricacies of the patent law. In essence, Dr. Bubnis testified that he did not think the '470 patent is valid because, among other reasons, he has seen no evidence that sodium molybdate acts as a catalyst. They take issue with the fact that, in his explanation of this issue during his deposition, he did not mechanically and repeatedly recite that the patent must be presumed valid and that it takes clear and convincing evidence to rebut this presumption.

But this is not the job of a technical expert and his failure to so recite does not impact on the admissibility or scope of his testimony. The job of a technical expert is to provide testimony that will assist the jury in determining if the patent is valid or infringed. The Court will provide the jury with the appropriate legal standards. Cherry picking a few lines of testimony from the transcript of a deposition that lasted all day, and ignoring the more detailed explanation in his expert report does not lead to the conclusion that he should not be permitted to testify, nor can it limit the scope of his testimony. Notably, Plaintiff did not provide the Court with a copy of Dr. Bubnis's report from which the Court could determine if he used the wrong standards as Plaintiff now alleges. To the extent

Defendants believe Dr. Bubnis used the wrong testimony or that he will change his testimony at trial, these issues go to the weight of his testimony, to be determined by the jury after Plaintiff has the opportunity to cross-examine Dr. Bubnis. Dr. Bubnis is prepared to offer his opinion, as an expert in the field with decades of experience, that sodium molybdate does not catalyze the chlorine dioxide reaction. With this opinion and the Court's legal instruction, Dr. Bubnis's testimony will be relevant and will not be prejudicial in any way.

Plaintiff's argument in this regard reveals a very fundamental difference between how the parties prepared and used their respective experts. For example, the report of Dr. Hermanowicz (Plaintiff's technical expert) is filled with pages and pages of his "understanding" of various legal principles and standards. These sections were obviously and admittedly written by counsel. Dr. Bubnis's report contained no such recitations. This difference does not render Dr. Hermanowicz's testimony admissible or Dr. Bubnis's inadmissible.

Moreover, Plaintiff offers no supporting case law or analysis regarding admissibility on these grounds. Rather, Plaintiff cites only to case law regarding the general legal standards for validity. In essence, however, Plaintiff is making a *Daubert* motion to exclude an expert's testimony without bothering to engage in a *Daubert* analysis.

Respectfully Submitted,

Dated: Scarsdale, NY
May 9, 2016

**LACKENBACH SIEGEL LLP**

By: */s/Robert B. Golden*

Robert B. Golden (Admitted Pro Hac Vice)
Email: RGolden@LSLLP.com
One Chase Road
Lackenbach Siegel Bldg., Penthouse Fl.
Scarsdale, NY 10583
Telephone: 914-723-4300
Facsimile: 914-723-4301

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served on Plaintiff on May 9, 2016 via CDCA ECF system, addressed to counsel for Plaintiff as follows:

FISH & RICHARDSON P.C.
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
Christopher S. Marchese, marchese@fr.com
Michael M. Rosen, rosen@fr.com
Joanna M. Fuller, jfuller@fr.com

Andrew R. Kopsidas (*Pro Hac Vice*), kopsidas@fr.com
1425 K Street, N.W., 11th Floor
Washington, DC 20005

All collectively at "OpposingCounsel-CH20-MerasExternalOpposingCounselEmail@fr.com"

Dated: Scarsdale, New York
May 9, 2016

/s/ Eric A. Menist
Eric A. Menist