Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
lauren.keller@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant
MERAS ENGINEERING, INC.

Jaye G. Heybl (SBN 167,119)
jheybl@koppelpatent.com
KOPPEL PATRICK HEYBL & PHILPOTT
2815 Townsgate Road
Westlake Village, CA 91361
Phone: (805) 373-0060
Facsimile (805) 373-0051

C. Kevin Speirs (*pro hac vice*)
kspeirs@parsonsbehle.com
Kristine E. Johnson (*pro hac vice*)
kjohnson@parsonsbehle.com
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, UT 84111
Phone: (801) 532-1234
Facsimile: (801) 536-6111

Attorneys for Defendants
HOUWELING'S NURSERIES OXNARD, INC.;
HNL HOLDINGS LTD.;
HOUWELING UTAH OPERATIONS, INC.; AND
HOUWELINGS NURSERIES LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CH$_2$O, INC., <br><br> Plaintiff, <br><br> v. <br><br> MERAS ENGINEERING, INC.; HOUWELING'S NURSERIES OXNARD, INC.; HNL HOLDINGS LTD.; HOUWELING UTAH OPERATIONS, INC.; AND HOURWELINGS NURSERIES LTD., <br><br> Defendant. | Civil Action No. 2:13-cv-08418-JAK-GJS <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S APPLICATION TO TAX COSTS** <br><br><br> Hon. John A. Kronstadt |

4818-8770-2587 v1

Meras Engineering, Inc. ("Meras"); Houweling's Nurseries Oxnard, Inc.; HNL Holdings Ltd.; Houweling Utah Operations, Inc.; and Houweling's Nurseries Ltd. ("Houwelings") (collectively, "Defendants"), through their counsel, submit the following Objections to CH2O, Inc.'s ("CH2O") Application to Tax Costs.

## I. INTRODUCTION

$CH_2O$ seeks to recover $79,731.74 in costs from Defendants. The costs span six areas: (1) filing fees, (2) service of process fees, (3) reporter transcripts, (4) depositions, (5) witness fees; and (6) certification, exemplification and reproduction of documents. Each area, however, contains costs that are not allowed by law. In total, $CH_2O$'s application includes $33,806.64 that are not recoverable. Defendants object to these costs and request that the Court deduct that amount from $CH_2O$'s application.

## II. OBJECTIONS

Federal Rule of Civil Procedure 54(d) allows the prevailing party to recover its costs. Those costs, however, are limited by statute (28 U.S.C. § 1920) and the local rules of each court. The Civil Local Rules in the Central District of California ("Local Rules") list 13 categories of recoverable costs. *See* Local Rules 54-3.1 to 54-3.13. Any cost outside those categories cannot be recovered.

Here, $CH_2O$ requests thousands of dollars in costs that do not fall within the local rules. The following table summarizes those costs and subsequent subsections state the grounds for Defendants' objections.

| Category | Requested Amount | Contested Cost | Contested Amount |
|---|---|---|---|
| Filing Fees | $ 809.50 | **Pro Hac Vice Filing Fee** $CH_2O$ includes pro hac vice filing fees. Local Rule 54-3.1 states that pro hac vice fees are not recoverable. | $ 325.00 |
| Service of Process | $ 1,866.08 | **Rush Service of Process** $CH_2O$ includes rush service of process | $ 125.00 |

| Category | Requested Amount | Contested Cost | Contested Amount |
|---|---|---|---|
| | | fees. Courts have found that rush service of process fees are not recoverable. | |
| Depositions | $ 40,698.04 | **Realtime Services** $CH_2O$ includes costs for Realtime services. Courts have found that Realtime services are not recoverable.<br><br>**Rough Draft Transcripts** $CH_2O$ includes costs for rough draft transcripts. Courts have found that rough draft transcripts are not recoverable. | $ 14,170.79 |
| Reporter's Transcripts | $ 18,855.66 | **½ Cost of Trial Transcript plus Rough Draft Transcripts** $CH_2O$ includes costs for the entire trial transcript, as well as rough draft transcripts. The parties should share the cost of the trial transcript, and courts have found that rough draft transcripts are not recoverable. | $ 11,501.95 |
| Witness Fees | $ 8,932.00 | **Preparation Time** $CH_2O$ includes costs for witnesses staying several days before and after the trial. Local Rule 54-3.6 only allows witness fees for attending trial proceedings. | $ 3,774.00 |
| Certification, exemplification and reproduction of documents | $ 8,568.46 | **Copies of Depositions** $CH_2O$ includes costs for copying documents in preparation for depositions. Local Rule 54-3.10 does not allow for those costs. | $ 3,909.90 |
| **Total** | **$ 79,731.74** | | **$ 33,806.64** |

## A. Filing Fees

Civil Local Rule 54-3.1 allows the prevailing party to recover all "[f]iling fees paid to the Clerk" *except* "pro hac vice filing fees." Here, $CH_2O$ includes $325 in costs for pro hac vice filing fees. (Dkt. 461-2 at 4, 6-7). Defendants object to those costs.

-2-

4818-8770-2587 v1

### B. Service of Process

Civil Local Rule 54-3.2 allows the prevailing party to recover "[f]ees for service of process." The rule, however, does *not* include fees for expedited service. Indeed, courts have found that rush service of process fees are not generally recoverable. *See Intellect Wireless, Inc. v. HTC Corp.*, No. 09 C 2945, 2015 WL 136142, at *10 (N.D. Ill. Jan. 8, 2015) (excluding rush service of process fees because the prevailing party did not prove they were necessary); *see also B.W.A. v. Farmington R-7 Sch. Dist.*, No. 4:06CV1691, 2009 WL 724005, at *2 (E.D. Mo. Mar. 17, 2009) ("As Defendants have not demonstrated the rush service was necessary, the Court reduces Defendants' bill of costs").

Here, $CH_2O$ includes five service of process receipts that include "Rush Fees." (Dkt. 461-2 at 9, 16-19.) Four of those receipts itemize the cost of the rush fees, equaling $25 on average. (*Id*. at 16-19.) One receipt does not itemize the cost. (*Id*. at 9.) Assuming the non-itemized rush fee costs the same as the average itemized rush fee ($25), $CH_2O$'s total expedited service fees equal $125. Defendants object to those costs and request the Court to deduct that amount from $CH_2O$'s application.

### C. Depositions

Local Rule 54-3.5 allows the prevailing party to recover the "[c]osts incurred in connection with taking oral depositions," and lists the specific costs that are recoverable. That list does *not* include Realtime services or rough draft transcripts. *Id.* at 54-3.5(a). Indeed, courts have found that Realtime services and rough draft transcripts are not recoverable. *See TransPerfect Global, Inc. v. MotionPoint Corp.*, Case No. 10-cv-02590, 2014 WL 1364792, at *4 (N.D. Cal. Apr. 4, 2014) (denying costs for Realtime); *see also Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, No. 4:14 CV 1469 CDP, 2016 WL 3443574, at *3 (E.D. Mo. June 23, 2016) ("[R]ealtime transcript and laptop fees and ASCII fees for depositions are also not recoverable as they were incurred

for the convenience of counsel and not necessarily obtained for use in the case."); *see also Brown v. The McGraw-Hill Companies, Inc.*, 526 F. Supp. 2d 950, 958 (N.D. Iowa 2007) ("Finally, the court shall not tax the cost of the Realtime Trial Transcripts. The court finds these transcripts were obtained for the convenience of McGraw-Hill's attorneys, and they were not necessary for use in the case."); *see In re Greater Se. Cmty. Hosp. Corp. I*, No. 02-02250, 2012 WL 1414841, at *3 (Bankr. D.D.C. Apr. 23, 2012) ("[T]he cost of obtaining a rough draft transcript of a deposition as a form of expedited transcript ordinarily ought to be disallowed.").

Here, $CH_2O$ includes thousands of dollars of Realtime and rough draft costs. The table below outlines those costs in each deposition. Most of $CH_2O$'s receipts itemize these costs. Five receipts, however, list Realtime services and rough draft transcripts but do not itemize the cost. (Dkt. 416-2 at 32-25, 42.) $CH_2O$ bears the burden to prove its costs, and these receipts falls short of that burden. *See* Local Rule 54-2.2.

Notwithstanding, to estimate the Realtime and rough draft cost in those non-itemized receipts, Defendants (1) calculated the average cost of Realtime and rough draft services as a percentage of the total transcript cost in the itemized receipts—21% for Realtime and 22% for rough draft respectively—and (2) applied that percentage to the non-itemized receipts. Those estimates are indicated below.

| Pg Dkt. 416-2 | Deponent | Total Cost | Realtime | Rough Draft |
|---|---|---|---|---|
| 27 | Casey Houwling | $ 3,791.11 | $ 570.50 | $ 505.30 |
| 28 | Casey Houwling | $ 2,187.04 | $ 304.50 | $ 269.70 |
| 29 | William Schmidt | $ 2,343.55 | $ 616.00 | -- |
| 30 | Bryan O'Connell | $ 1,744.90 | -- | $ 427.80 |
| 31 | Christopher Binfield | $ 2,449.15 | -- | $ 595.20 |
| 32 | Christopher Binfield | $ 3,597.25 | $ 755.42 (estimate) | $ 791.40 (estimate) |
| 33 | Ion Sfetcu | $ 4,178.25 | $ 877.43 (estimate) | $ 919.22 (estimate) |
| 34 | Christopher Brocklesby | $ 2,359.65 | $ 495.53 (estimate) | $519.12 (estimate) |

| Pg Dkt. 416-2 | Deponent | Total Cost | Realtime | Rough Draft |
|---|---|---|---|---|
| 35 | Casey Houwling | $ 2,747.10 | $ 576.89 (estimate) | $ 604.36 (estimate) |
| 36 | Carl Iverson | $ 1,345.00 | -- | $ 417.00 |
| 37 | Joyce Prindle | $ 1,081.70 | -- | $ 340.20 |
| 38 | Anthony McNamara | $ 1,254.95 | -- | $ 333.45 |
| 39 | Robert Gore | $ 366.50 | -- | $ 99.00 |
| 40 | Kimberly Graham | $ 660.00 | -- | $ 171.00 |
| 41 | Slav Hermanowicz | $ 1,211.14 | -- | $ 411.25 |
| 42 | Richard Bernier | $ 1,242.50 | $ 260.93 (estimate) | $ 273.35 (estimate) |
| 43 | Casey Houwling | $ 2,220.10 | $ 568.75 | -- |
| 44 | Shawn Hagerty | $ 1,151.00 | -- | $ 280.00 |
| 46 | Bernard Bubnis | $ 3,042.55 | $ 603.75 | $ 534.75 |
| 47 | Micah Siegel | $ 2,940.65 | $ 770.00 | -- |
| 48 | Defroest McDuff | $ 1,127.50 | -- | $ 279.00 |
|  |  |  | $ 6,399.70 | $ 7,771.10 |
|  |  |  |  |  |
|  |  |  | Total Combined | $ 14,170.79 |

Overall, CH$_2$O includes $14,170.79 of unrecoverable Realtime and rough draft costs. Defendants object to those costs and request the Court to deduct that amount from CH$_2$O's application.

**D.     Reporter's Transcripts**

Local Rule 54-3.4 allows the prevailing party to recover the cost of a trial transcript "if requested by the Court or prepared pursuant to stipulation." Indeed, courts have found that "[t]here is a general presumption to deny awards of costs for transcripts when they are not created through a court order or a stipulation." *See Gunchick v. Fed. Ins. Co.*, No. CV 14-1162, 2015 WL 4451041, at *1 (C.D. Cal. July 17, 2015) (citation omitted); *see also Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079, 2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015) ("Generally, daily trial transcript costs should not be awarded absent court approval prior to the trial."). The only exception is "if the case is complex and the transcripts proved invaluable to both the counsel and the court." *Gunchick*, 2015 CL 4451041 at *1.

-5-

4818-8770-2587 v1

Here, while CH$_2$O incurred trial transcript costs absent any court order or stipulation, Defendants note that the parties have now agreed to utilize one joint transcript for purposes of post-trial motions, for the convenience of the Court. Accordingly, while it may be appropriate for Defendants to bear ½ the cost of the trial transcript, Defendants object to any trial transcript costs beyond that amount. This includes the rough draft transcript costs. Local Rule 54-3.4 does not include rough draft transcripts. Indeed, courts have found that rough draft transcripts are not recoverable. *See In re Greater Se. Cmty. Hosp.*, WL 1414841, at *3 ("Charges for expedited transcripts ordinarily ought to be disallowed as costs to the extent that they exceed the court reporter's standard rate."); *see also Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 34 (D.P.R. 2000) (stating that the additional costs for an expedited trial transcript should not be permitted where a party "had ample representation during trial, and their attorneys could have taken day-to-day notes on the proceedings").

Here, CH$_2$O includes costs for a "clean rough same day" transcript for each day of trial. (Dkt. 461-2 at 23.) CH$_2$O's receipts, however, are not itemized, making it impossible to identify the exact amount of the rough draft costs, as opposed to the trial transcripts. (*Id.*) CH$_2$O bears the burden to prove its costs, and these receipts falls short of that burden. *See* Local Rule 54-2.2.

Notwithstanding, to estimate those costs, Defendants assumed that rough drafts of trial transcripts cost the same as rough draft deposition transcripts, then (1) calculated the average cost of rough draft transcripts as a percentage of the total transcript cost in the deposition receipts (22%) and (2) applied that percentage to the trial transcript costs ($18,855.66). This produced an estimate of $4,148.25 in rough draft costs for CH$_2$O. The remaining amount of $14,707.41 for the trial transcript itself is, as noted above, properly split between CH$_2$O and Defendants, $7,353.70 each. Accordingly, Defendants

4818-8770-2587 v1

object to the costs for $CH_2O$'s rough drafts in the amount of $4,148.25 and $CH_2O$'s portion of the trial transcript in the amount of $7,353.70, and request the Court to deduct the total amount of $11,501.95 from $CH_2O$'s application.

### E. Witness Fees

Local Rule 54-3.6 allows the prevailing party to recover the cost of witnesses attending the proceedings. The rule, however, does *not* include any costs for witnesses to stay before or after the trial. Indeed, courts have found that witness fees are not recoverable for preparation time. *See Smith v. Chicago Transit Auth.*, No. 12 C 8716, 2015 WL 2149552, at *5 (N.D. Ill. May 6, 2015) ("[B]ecause witness fees do not include preparation time, the CTA may not recover costs for the travel expenses incurred by Mr. Cook to prepare for his trial testimony.").

Here, $CH_2O$ lists costs relating to four witnesses for a six-day trial. Two witnesses account for six days of travel per person for five days of trial each. The average cost per day was $222.00. Defendants do not object to these costs. However, $CH_2O$'s other two witnesses—Slav Hermanowicz and Deforest McDuff—account 16 days and 9 days of travel per person respectively, despite only attending 8 days of trial combined. This amounts to 17 extra days of travel and to $3,774.00 in costs that are not associated with their attendance at trial. (Dkt. 461-2 at 49.) Defendants object to these costs and request the Court to deduct $3,774.00 from $CH_2O$'s application.

### F. Certification, Exemplification and Reproduction of Document

Local Rule 54-3.10 allows the prevailing party to recover "[d]ocument preparation costs," and lists the specific costs that are recoverable. That list, however, does *not* include copies of documents to prepare for depositions.

Here, $CH_2O$ includes $3,909.90 for copies to prepare for depositions. (Dkt. 461-2 at 50-55, 68-69, 71, 77, 84) One set of copies cost over $1,200.00. (*Id.* at 77.) And several receipts explicitly state that the copies are for "Depo

-7-

4818-8770-2587 v1

Prep." (*Id.* at 68, 77.)  These copies are not recoverable costs under Rule 54-3.10.  And $CH_2O$ has not proven that the copies were otherwise necessary.  Defendants object to the extra costs for copies related to deposition preparation and request the Court to deduct $3,909.90 from $CH_2O$'s application.

### III.  CONCLUSION

Overall, $CH_2O$ includes $33,806.64 in costs that are not recoverable.  The Court should deny $CH_2O$ those costs and deduct that amount from $CH_2O$'s application.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 2, 2016

By:   */s/ Paul A. Stewart*

   Paul A. Stewart
   Michael K. Friedland
   Lauren Keller Katzenellenbogen

   Attorneys for Defendant
   MERAS ENGINEERING, INC.

-8-

4818-8770-2587 v1

|     |     |                          |
| --- | --- | ------------------------ |
| 1   |     |                          |
| 2   | By: | /s/ *Kristine E. Johnson* |

        C. Kevin Speirs
        Kristine E. Johnson
        PARSONS BEHLE & LATIMER

Jaye G. Heybl
KOPPEL PATRICK HEYBL & PHILPOTT

        Attorneys for Defendants
        HOUWELING'S NURSERIES
        OXNARD, INC.;
        HNL HOLDINGS LTD.; HOUWELING UTAH
        OPERATIONS, INC.; AND
        HOUWELINGS NURSERIES LTD.

-9-

4818-8770-2587 v1

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2016, a true and correct copy of the foregoing was served via the Court's ECF system on all counsel of record.

*/s/ Kristine E. Johnson*
Kristine E. Johnson

4818-8770-2587 v1