**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-08418 JAK (GJSx) | Date | May 2, 2017 |
| Title | CH2O, Inc. v. Meras Engineering, Inc. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION (DKT. 481)**

## I. INTRODUCTION

CH$_2$O, Inc. ("Plaintiff" or "CH$_2$O") commenced this patent infringement action in 2013. It contends that Houweling's Nurseries Oxnard, Inc., HNL Holdings Ltd., Houweling Utah Operations, Inc., and Houweling's Nurseries Ltd. (collectively, "Houweling's") and Meras (collectively with Houweling's, "Defendants") infringed claims 1, 2, and 7 of U.S. Patent No. 6,767,470 ("the '470 Patent"). *See* First Am. Compl., Dkt. 107; Def.'s Motion, Dkt. 166-1, at 1. Following a jury trial, on September 6, 2016, a verdict was entered in favor of CH2O and against Meras and Houweling's on all claims. The verdict awarded $12.5 million in damages for infringement. Dkt. 426. Subsequently, Plaintiff brought this motion for the issuance of a permanent injunction ("Motion"). Dkt. 481. It seeks to enjoin Meras and Houweling's from further infringement of the '470 Patent.

A hearing on the Motion was conducted on March 6, 2017, and the matter was taken under submission. Dkt. 514. For the reasons stated in this Order, the Motion is **GRANTED IN PART**.

## II. ANALYSIS

### A. Legal Standards

An injunction barring ongoing patent infringement may be entered where the traditional equitable factors have been satisfied. Where a party has prevailed at trial on a claim of infringement, a permanent injunction may be imposed where that party can demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-08418 JAK (GJSx) | Date | May 2, 2017 |
|---|---|---|---|
| Title | CH2O, Inc. v. Meras Engineering, Inc. | | |

public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

    **B.**    **Application**

        **1.**    **Irreparable Harm**

Plaintiff submitted evidence that it competes with Meras in the market for services to growers and others, and that Defendants' infringing actions caused substantial harm to CH2O. Plaintiff identifies the following bases for its claim of irreparable harm: (1) it had spent significant resources developing the '470 technology, establishing a commercial market for the licensing of that technology, and training its employees to install and service equipment associated with that technology; (2) Defendants' infringement caused substantial damage to the business of CH2O, whose upward growth curve in this market segment "nosedived"; and (3) the infringement caused significant erosion of prices for the technology embodied in the '470 Patent, thereby reducing substantially Plaintiff's profits from sales. If this conduct continues, it could have a substantially adverse effect on the market that could be permanent. Dkt. 481-1 at 8-10.

Defendants respond that the scope of any infringement was trivial and that any competitive harm to Plaintiff was a result of Defendants' lawful production of chlorine dioxide in Houweling's reaction chamber. Dkt. 492 at 10-11. Meras also argues that CH2O has not proven that Meras's infringement caused CH2O to lose the trust of hydroponic farmers or that monetary damages are inadequate to compensate CH2O for all claimed injuries. Dkt. 492 at 11.

Defendants do not dispute that Meras and CH2O are direct competitors. Nor do they challenge Plaintiff's claim that Defendants' infringement caused a sharp drop in sales by CH2O and in the associated revenues. "Past harm to a patentee's market share, revenues, and brand recognition is relevant for determining whether the patentee has suffered an irreparable injury." *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 861 (Fed. Cir. 2010) (quotation marks omitted).

Considering this evidence in light of the jury verdict, Plaintiff has made a sufficient showing of a nexus between the patented features and the demand for the infringing products and related services. The benefits of the patented technology, which include less water usage through recirculation and lower bacterial counts, were sufficient to cause Houweling's and other hydroponic farmers to utilize Meras's services. Dkt. 507 at 2-3. Thus, Houweling's contributed to the presence of the claimed irreparable harm by suggesting to others that the use of infringing technology was acceptable.

CH2O spent many years establishing the benefits of the '470 technology and developing relationships with hydroponic growers who elected to use it. *Id*. at 3. It has lost some of these business relationships because Meras offered what has been determined to be an infringing service at a lower price. Such losses of market position and share constitute the type of damage that cannot be easily remedied. *See Abbot Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1362 ("Loss of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-08418 JAK (GJSx) | Date | May 2, 2017 |
|---|---|---|---|
| Title | CH2O, Inc. v. Meras Engineering, Inc. | | |

market position [is] evidence of irreparable harm."). Consequently, the irreparable harm element of the standard for the issuance of a permanent injunction has been satisfied.

### 2. Whether Monetary Damages Would Be an Adequate Remedy

Plaintiff reiterates that, absent the entry of an injunction, it would suffer irreparable harm through the loss of market share and associated goodwill. Plaintiff notes that these injuries are ones for which monetary damages may not be awarded. Thus, they could be regarded as insufficiently established to justify an award of monetary damages. Further, Plaintiff argues that it has no adequate remedy at law because it has never licensed the '470 Patent. Consequently, absent injunctive relief, it would lose control over the implementation of its design as to the method at issue. Dkt. 481-1 at 11-12. Defendants respond that CH2O would not lose control over the patented technology because "Defendants make the overwhelming majority of their chlorine dioxide in a non-infringing manner." Dkt. 492 at 12.

Defendants' argument as to non-infringement is unpersuasive. They concede that, at the present time, the patented method is the only one of which they are aware that can be used to produce chlorine dioxide on hydroponic farms. *See* Dkt. 492 at 13 (claiming that an injunction would grant "CH2O an effective monopoly over the use of chlorine dioxide in agriculture"). Similarly, the verdict reflects a determination that the method used by Meras to produce chlorine dioxide at the Houweling's farms infringed the '470 Patent. Absent injunctive relief, CH2O would lose control of that particular patented method. Dkt. 507 at 4-5. For these reasons, ongoing royalty payments would not provide an adequate remedy for future infringement by Houweling's and/or Meras.

Meras next argues that there is no *per se* right to injunctive relief in a patent case. That is correct. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393-94 (2006). However, that a patentee has the inherent right to exclude others from practicing the patent should be considered in determining whether injunctive relief is appropriate. *See eBay*, 57 U.S. at 395 (Roberts, C.J., concurring, joined by Scalia, J. and Ginsburg, J.) (the long tradition of granting "injunctive relief upon a finding of infringement in the vast majority of patent cases . . . is not surprising, given the difficulty of protecting a right to exclude through monetary remedies that allow an infringer to use an invention against the patentee's wishes."); *see also Douglas Dynamics LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013) ("Exclusivity is closely related to the fundamental nature of patents as property rights. It is an intangible asset that is part of a company's reputation.").

It is also significant that Meras and Houweling's each has stated that it lacks the financial ability to satisfy the monetary damages awarded in this matter. It follows that neither could pay future ones for continued, unauthorized use of the patented method. This is another factor that is relevant to an assessment of the adequacy of monetary relief.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-08418 JAK (GJSx) | Date | May 2, 2017 |
| Title | CH2O, Inc. v. Meras Engineering, Inc. | | |

For these reasons, monetary damages would not be an adequate remedy for CH2O with respect to any future or ongoing infringement by Defendants.

### 3.  Balance of Hardships

Plaintiff asserts that it seeks narrowly-tailored relief that would only bar Defendants from any ongoing or future infringement of the '470 Patent. Dkt. 481-1 at 13-14. Plaintiff also argues that the balance of hardships weighs in favor of the imposition of injunctive relief. Thus, Plaintiff contends that, if such relief is not granted, it will continue to suffer the burdens of reduced revenues, price erosion and the loss of both good will and of the value of the efforts that it made in developing and successfully marketing the '470 technology. *Id.* at 14.

Meras responds that an injunction would only prevent the "technical, incidental infringement that the jury found to occur on a microscopic scale." *Id.* Therefore, Meras contends that the imposition of injunctive relief would be inequitable because it would grant CH2O an effective monopoly within the relevant markets in response to what was "trivial infringement." *Id.*

Meras overstates the claimed "monopoly" that injunctive relief would provide to CH2O. Meras contends that the scope of an injunction would extend to all production of chlorine dioxide in agriculture. But, the requested injunction would only bar Meras from supplying chlorine dioxide in the specific infringing manner claimed by the '470 Patent. It would not bar potential competitors of CH2O within the agriculture market from developing new, non-infringing technologies or methods, some of which could potentially use chlorine dioxide. This could include providing methods or services to non-hydroponic growers. It could also include providing services that did not involve the recycling of water so that a grower may be able to use chlorine dioxide to clean irrigation pipes, while fertilizer is provided outside of the water distribution system. Alternatively, a grower may be able to use a method in which the reaction with sodium chlorite is completed before there is an injection of chlorine dioxide into the water distribution system. This may result in a method that does not employ catalysis.

Absent an injunction, the conduct that was presented during the trial as the basis for the claimed infringement could continue. This would likely require Plaintiff to make efforts to continue to monitor Defendants' activities and consider further relief in this or a separate civil action. Finally, there is not a sufficient showing that the imposition of injunctive relief would impose significant hardships on Houweling's. Indeed, it states that it no longer uses the patented method because it has switched from the use of chlorine dioxide to hydrogen peroxide. *See* Dkt. 496 at 8.

For these reasons, the balance of hardships factor weighs in favor of granting the requested injunctive relief.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV13-08418 JAK (GJSx) | Date | May 2, 2017 |
| Title | CH2O, Inc. v. Meras Engineering, Inc. | | |

### 4. Public Interest

Plaintiff argues that the issuance of injunctive relief will serve the public interest by protecting intellectual property rights. Dkt. 481-1 at 15. Iverson, who is the CEO of Plaintiff, testified that CH2O makes significant investment in research and development. He notes that this has led to the issuance of patents. Further, these overall efforts are an important part of its business plan, and enable it to remain competitive in the market. Dkt. 469, Tr. at 155-156. Plaintiff contends that the public interest is advanced when inventors have an incentive to invest in developing new technologies.

Meras responds that these arguments are based on a false assumption, *i.e.,* that CH2O holds a viable patent as to supplying chlorine dioxide to growers. Dkt. 492 at 16. It also restates its position that the '470 Patent is limited to catalyzing the production of chlorine dioxide through the use of sodium molybdate, but that CH2O has never identified any environmental benefit from this use. *Id.* at 16.

The benefit conferred of the '470 Patent is limited to using sodium molybdate as a catalyst to create chlorine dioxide. However, the jury concluded that Defendants have infringed the '470 Patent. Therefore, Plaintiff presently holds certain protected intellectual property rights. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 809 F.3d at 647 ("the public interest nearly always weights in favor of protecting property rights in the absence of countervailing factors, especially when the patentee practices his inventions.").

For these reasons, the public interest factor weighs in favor of granting the requested injunctive relief.

### 5. Scope

CH2O has proposed an injunction that will include the following terms:

> IT IS ORDERED that defendants Meras Engineering, Inc., Houweling's Nurseries Oxnard, Inc., HNL Holdings Ltd., Houweling Utah Operations, and Houweling's Nurseries Ltd., and any of their officers, directors, agents, employees, subsidiaries, and those persons acting in concert or participation with any of them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65 (d), from:
>
> (a) Infringement, either individually or collectively, or actions that induce or contribute to infringement of claims 1, 2, and 7 of U.S. Patent No. 6,767,470; and
>
> (b) Using infringing technology at the Houweling's facilities in California and Utah;

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV13-08418 JAK (GJSx) | Date | May 2, 2017 |
| Title | CH2O, Inc. v. Meras Engineering, Inc. | | |

> PROVIDED, HOWEVER, that the enforcement of this Permanent Injunction shall not become effective until thirty days after entry of this Order.
>
> This Court specifically retains jurisdiction to enforce, modify, extend, or terminate this Permanent Injunction as the equities may require upon a proper showing, and to adopt procedures for resolution of any dispute as to whether any activities not specifically found to infringe in the current action is in violation of this order.

Dkt. 481-6.

Defendants argue that this proposed relief is overbroad because it "seeks an injunction against all infringement of the asserted claims of its patent." *See* Dkt. 492 at 6. Plaintiff responds that its proposed injunction seeks only to bar the conduct that the jury determined constituted infringement of the '470 Patent.

"A federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435 (1941). The jury concluded that Defendants directly infringed the '470 Patent. The proposed injunction bars Meras and Houweling's from any ongoing infringement, including through the use of the infringing technology at Houweling's facilities in California and Utah. However, because it does not limit the attendant enforcement process to those activities that were found to infringe the '470 Patent, the proposed language is overbroad. The injunctive relief will be limited to barring the activities that were presented at trial as to which the verdict was entered.

### III. **CONCLUSION**

For the foregoing reasons, the Motion is **GRANTED IN PART**. CH2O shall lodge a proposed order consistent with this Order on or before May 8, 2017.

**IT IS SO ORDERED.**

        _____ : _____

Initials of Preparer   ak